UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY A. GRIFFIN,<br><br>            Plaintiff,<br><br>      v.<br><br>MASSACHUSETTS DEPARTMENT<br>OF REVENUE,<br><br>            Defendant. | Civil Action No. 1:22-cv-11991-FDS |

**DEFENDANT MASSACHUSETTS DEPARTMENT OF REVENUE'S
MEMORANDUM IN SUPPORT OF
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Pursuant to Mass. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Massachusetts Department of Revenue ("DOR") hereby moves to dismiss Plaintiff Kimberly Griffin's ("Plaintiff") Complaint. Plaintiff has alleged a violation of Title VII related to her disagreement with her termination for her admitted failure to comply with the Commonwealth's vaccine requirement.

As set forth more fully below, however, Plaintiff's claim fails because Plaintiff's threadbare and conclusory allegations fail to plausibly suggest the legal elements of her claim. Accordingly, Plaintiff's Complaint should promptly be dismissed with prejudice.

**I.     <u>RELEVANT STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT</u>**

In October 2021, Plaintiff submitted a request for a religious exemption from the Commonwealth of Massachusetts' vaccine mandate. Complaint, Section III; *see also* COVID-19 Vaccination Religious Exemption Request Form, and supplemental email responses, incorporated by reference into Plaintiff's Complaint, attached as **Exhibit A**.[1] In Plaintiff's exemption request form, she stated only "I have a sincerely held religious belief that I should not

---

[1] *See Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) ("We may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice."). Plaintiff's exemption request is referenced in the Complaint and forms the entire basis for her claims. Accordingly, the exemption request documents are rightly considered on a Rule 12 motion.

receive the Covid-19 vaccine." *Id*. When asked, in writing, to expand on how a Covid-19 vaccine conflicts with her asserted sincerely held religious beliefs, Plaintiff replied, simply:

> "*My sincerely held religious belief is that I should not receive the COVID-19 vaccine. I have closely contemplated with God and have been shown that I should not receive the Covid-19 vaccine. Therefore, the Covid-19 vaccine specifically conflicts with my sincerely held religious belief.*" *Id*.

Given Plaintiff's failure to explain how a Covid-19 vaccine conflicts with any sincerely held religious beliefs, and her inability to show how any religious principles guided her objection to the vaccination, Plaintiff's request for religious exemption was denied by DOR. *See* COVID-19 Vaccination Religious Exemption Response Form, incorporated by reference into Plaintiff's Complaint, attached as **Exhibit B**. Plaintiff was thereafter terminated on November 19, 2021 because of her refusal to comply with the Commonwealth's vaccine requirement. Complaint, Section III.

## II.   ARGUMENT

### A.   Plaintiff's Discrimination Claim Under Title VII Fails As A Matter Of Law And Should Be Dismissed.

Plaintiff's allegations of failure to accommodate her religious beliefs under Title VII fail to plausibly suggest the required legal elements and therefore must be dismissed.

First, Plaintiff's Complaint lacks any true description of her asserted religious beliefs or the reasons that those beliefs prohibit her from receiving a vaccine. The Complaint simply contains conclusory statements that should be afforded no weight by the court. Complaint, Section III. *See Iannacchino v. Ford Motor Co.*, 451 Mass. 623, 636 (2008) (a plaintiff's obligation to provide the grounds of his entitlement to relief' requires more than labels and conclusions ... factual allegations must be enough to raise a right to relief above the speculative level). To survive a motion to dismiss pursuant to Mass. R. Civ. P. 12(b)(6), the Complaint must set forth the grounds of the plaintiff's entitlement to relief with more than mere "labels and conclusions." *Id*. at 636 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order

to establish *a prima facie* case of religious discrimination under a failure to accommodate theory, a plaintiff must show that: (1) she had sincerely held religious beliefs that required her to follow, or refrain from, a certain practice; (2) she informed her employer of her sincerely held religious beliefs or practice; and (3) her employer refused to accommodate her sincerely held religious beliefs or practice when it denied the request. *See Estabrook v. Massachusetts Bay Transp. Authority*, 2001 WL 1602821 (MCAD); *Brown v. F.L. Roberts & Co.*, 452 Mass. 674, 676 (2008); *EEOC v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de P.R.*, 279 F.3d 49, 55 (1st Cir. 2002).

With regard to the first, threshold element, a plaintiff "is required to establish that [her] religious beliefs are more than a personal belief, *i.e.*, a personal moral code or philosophy that is not based on or by reason of religious training, belief or conviction" (internal citations and quotations omitted). *See Estabrook*, 23 MDLR 125, at *6. The first question then is whether a plaintiff's assertions constitute *religious* beliefs–as opposed to philosophical, medical, or scientific beliefs, or personal fears or anxieties that conflict with the vaccination requirement. *See Morin v. MGH Inst. of Health Pros.*, 2002 WL 31441509, at *2 (Mass. Super. Nov. 1, 2002) (unreported) (finding that "opposition to vaccines is not a religious issue per se" and that "claim[] that her refusal to be immunized is based on her religious belief that there is a unifying force in nature, rather than a supreme being, and that the introduction of foreign substances into the human body is contrary to that belief" did not meet burden of showing sincerely held religious belief).[2]

---

[2] *See also, Farina*, 116 F. Supp. 2d 503, 508 (S.D.N.Y. 2000) (finding that objection to vaccination was personal rather than religious in claim brought under the free exercise clause); *Sherr v. Northport-East Northport Union Free Sch. Dist.,* 672 F. Supp. 81, 94 (E.D.N.Y. 1987) (similar); EEOC Pandemic Guidance, at L2 ("Title VII does not protect social, political, or economic views or personal preferences. Thus, objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or any other nonreligious concerns (including about the possible effects of the vaccine), do not qualify as religious beliefs, practices, or observances under Title VII.").

In *Brox v. Hole*, No. CV 22-10242-RGS, 2022 WL 715566, at *4, n. 7 (D. Mass. Mar. 10, 2022), the U.S. District Court specifically found that reasons for objecting to the Commonwealth's vaccine mandate including "Jesus tells me that it is unwise to put the COVID vaccine into my body, his creation" and "I am afraid that it will kill me" were not grounded in religious practice, but were rather "expressions of idiosyncratic personal belief."

Here, similar to the objections in *Brox*, Plaintiff's stated reasons for her objection to the COVID-19 vaccine cannot be said to be religious in nature. First, Plaintiff's conclusory statement that she had "religious beliefs" is insufficient to plausibly state a claim. *See Iannacchino*, 451 Mass. at 636. Further, Plaintiff only states in her exemption request that she "closely contemplated with God and have been shown that I should not receive the Covid-19 vaccine." Complaint, Section III. As Plaintiff has identified no *religious* practice that conflicts with the vaccine requirement, it cannot be disputed that her opposition to the vaccine is based primarily on expressions of idiosyncratic personal belief rather than any bona fide religious belief. *See Brox*, 2022 WL 715566, at *4. Indeed, Plaintiff's objections can be analogized to those found not to be grounded in religious practice in *Brox. Id.* Accordingly, because Plaintiff has failed to make plausible allegations demonstrating any sincerely held religious beliefs, she cannot maintain her religious failure to accommodate claim under Title VII.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's claim fails as a matter of law. DOR therefore respectfully submits that Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

<table>
<tr><td>

Dated: February 3, 2023
</td><td>

Respectfully submitted,

MASSACHUSETTS DEPARTMENT OF REVENUE,

By Its Attorney,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

_/s/ Jeffrey T. Collins_
Jeffrey T. Collins (BBO# 640371)
Special Assistant Attorney General
MORGAN, BROWN & JOY, LLP
200 State Street, Suite 11A
Boston, MA 02109
Tele: (617) 523-6666
Fax: (617) 367-3125
jcollins@morganbrown.com
</td></tr>
</table>

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 3, 2023, a copy of the foregoing document, filed through the ECF system, will be served on all parties as provided by the Notice of Electronic Filing (NEF) and served on Plaintiff by email at klecgriffin@gmail.com.

                                                 _/s/ Jeffrey T. Collins_
                                                 Jeffrey T. Collins